UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN WHITE** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1014** |
| **VALERO REFINING NEW ORLEANS, LLC ET AL.** | **SECTION "I"** |

## ORDER AND REASONS

Before the Court is a motion[1] to vacate the arbitration award filed on behalf of plaintiff, Calvin White, and an opposition[2] filed on behalf of defendant, Valero Services, Inc. For the following reasons, plaintiff's motion to vacate is **DENIED**.

## BACKGROUND

The present case arises from an arbitration award which resolved an intentional infliction of emotional distress ("IIED") claim alleging harassment at plaintiff's prior workplace, a refining facility. Plaintiff, Calvin White, worked for defendant, Valero Services, Inc. ("Valero"), at the time defendant acquired ownership of the facility in 2003.[3] Plaintiff, however, began working at the facility in March 1998 when it was owned by Trans America Refining Co. and Orion Refining Corporation, respectively.[4]

In December 2009, plaintiff made numerous reports to another employee's supervisor about said employee's failure to perform required job duties.[5] Plaintiff claims these reports were

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 24.
[3] R. Doc. No. 20-6, at 1.
[4] *Id.*
[5] *Id.* at 4-5.

never investigated or addressed.[6] In January 2010, plaintiff was suspended with compensation for four working days pending an investigation regarding a sexual harassment grievance asserted against him.[7] After a complete investigation proved the allegations lacked merit, plaintiff was reinstated to his prior position.[8] Plaintiff then began having chest pains, headaches, and severe mental distress which he maintains were attributable to the unfounded sexual harassment complaint and other workplace harassment.[9]

Plaintiff asserts that while employed by defendant, he was subject to mistreatment by many employees and supervisors. Plaintiff's harassment complaints against the supervisors include: (1) shaking plaintiff's hand with gloves on, (2) deliberately ignoring plaintiff's concerns and/or questions, (3) purchasing meals for other employees but not plaintiff, (4) not extending invitations to plaintiff, (5) calling plaintiff derogatory names, (6) failing to investigate plaintiff's allegations of co-workers' misconduct, (7) reprimanding plaintiff for providing the human resources director with 20-25 complaints, and (8) not providing plaintiff the opportunity for a promotion when other employees, who had not been there as long, were given such opportunities.[10]

Following Valero's purchase of the facility in 2003, all employees were required to execute "Valero's Mandatory Dispute Resolution Program" ("Dialogue"),[11] which contained a binding arbitration provision. Pursuant to the Dialogue agreement, plaintiff's initial lawsuit, filed in the 29th Judicial District Court for the Parish of St. Charles,[12] was remanded for arbitration

---

[6] *Id.* at 4.
[7] R. Doc. No. 24, at 2; R. Doc. No. 20-6, at 5.
[8] R. Doc. No. 20-6, at 5.
[9] *Id.*
[10] *Id.* at 5-7.
[11] R. Doc. No. 20-6, at 1-2.
[12] R. Doc. No. 20-4, at 1.

which proceeding was governed by American Arbitration Association ("AAA") guidelines.[13] Throughout the arbitration proceeding, several status conferences were held and discovery was permitted from February 2011 until July 23, 2012.[14]

Defendant filed a motion for summary judgment on July 27, 2012, plaintiff filed his response on August 17, 2012, and defendant filed its reply on August 28, 2012.[15] On October 30, 2012, plaintiff and defendant presented oral arguments on the merits of the summary judgment motion before the arbitrator.[16] On November 15, 2012, the arbitrator rendered his award granting defendant's motion for summary judgment based on his findings that: (1) defendant lacked the requisite intent to cause plaintiff severe emotional distress, as the investigation report shows defendant made a good faith attempt to respond to plaintiff's complaints; and (2) plaintiff's exclusive foundation for challenging defendant's motion was based on mere allegations in his pleading which did not rise to the necessary level to refute such a motion.[17]

After the arbitration award was issued, plaintiff filed a motion for a new trial and defendant timely filed an opposition.[18] On January 9, 2013, the arbitrator denied plaintiff's motion, concluding that he was without jurisdiction to grant such a motion.[19] On April 12, 2013, plaintiff filed a motion to vacate the arbitration award in this Court, alleging that the arbitrator: (1) displayed evident partiality, (2) refused to hear and consider evidence that was pertinent and material to the controversy, and (3) did not determine the award in accordance with the applicable law. Plaintiff's motion to vacate was brought pursuant to 9 U.S.C. § 10(a) (2006).

---

[13] R. Doc. No. 20-4, at 1.
[14] *Id.* at 3.
[15] *Id.* at 5.
[16] *Id.*
[17] *Id.* at 11, 16-17.
[18] R. Doc. No. 20-13, at 1.
[19] *Id.* at 3.

## LAW & ANALYSIS

### I. STANDARD OF REVIEW

A court's review of an arbitration award is "exceedingly deferential." *Brabham v. A.G. Edwards & Sons, Inc.,* 376 F.3d 377, 380 (5th Cir. 2004). Courts should only vacate an arbitration award "on very narrow grounds." *La. Health Serv. Indem. Co. v. Gambro A B*, 756 F. Supp. 2d 760, 763 (W.D. La. 2010) (citing *Brabham*, 376 F.3d at 380). The moving party bears the burden of proving a court should vacate the arbitration award, but a court must "resolve any doubts or uncertainties in favor of upholding the award." *Brabham,* 376 F.3d at 385 n.9 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.,* 358 F.3d 337, 343 (5th Cir. 2004)). Whenever possible, a court must yield to the arbitrator's decision. *La. Health Serv. Indem.*, 756 F. Supp. 2d at 763 (citing *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990)). Pursuant to the Federal Arbitration Act ("FAA"), a court may only vacate and set aside an arbitration award on four grounds. 9 U.S.C. § 10(a) provides, in pertinent part:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
> (1) where the award was procured by corruption, fraud, or undue means;[20]
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

---

[20]The Court notes that plaintiff does not challenge the arbitration award on this basis.

In the absence of a contrary provision stated in the arbitration agreement, a reviewing court may vacate an arbitration award only if the award satisfies one of the four grounds in § 10(a). *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2009); *La. Health Serv. Indem.*, 756 F. Supp. 2d at 763.

## II. DISCUSSION

Although plaintiff's motion references subsections 10(a)(2) and 10(a)(3), his memorandum of law does not tether these subsections to particular arguments. By liberally construing plaintiff's motion and memorandum of law, it appears that he alleges the award should be vacated under either subsections 10(a)(2), (3), and/or (4).

### A. 9 U.S.C. § 10(a)(2)

Plaintiff alleges the arbitrator exhibited indisputable partiality toward the defendant and against the plaintiff. The standard for "evident partiality" under § 10(a)(2) has been established by the U.S. Court of Appeals for the Fifth Circuit:

> To establish evident partiality based on actual bias, the party urging vacatur must produce specific facts from which "a reasonable person would have to conclude that the arbitrator was partial to one party." This is an "onerous burden," because the urging party must demonstrate that the alleged partiality is "direct, definite, and capable of demonstration rather than remote, uncertain or speculative."

*Householder Group v. Caughran*, 354 F. App'x 848, 852 (5th Cir. 2009) (internal citations omitted). Plaintiff suggests this standard is met because the arbitrator: (1) accepted the characterization of defendant's evidence without an adequate analysis,[21] (2) adopted defendant's

---

[21]R. Doc. No. 20-1, at 9.

-5-

arguments "whole-cloth,"[22] and (3) conducted an incomplete analysis by basing his ruling on a single element.[23]

Even assuming all allegations asserted and facts provided by plaintiff are true, plaintiff has still not met his onerous burden. Plaintiff relies on the arbitrator's allegedly prejudicial summary judgment standard, curtailed record analysis, and grant of defendant's motion to contend the arbitrator showed evident partiality. At most, plaintiff has shown the arbitrator ruled for defendant and against him in certain respects. Plaintiff has not produced specific facts by which a reasonable person would have to conclude that the arbitrator was partial to defendant. *See id.* Plaintiff has not met his "onerous burden" as his unsubstantiated claim of partiality merely demonstrates disagreement with the arbitrator's decision. *Farris v. Union Pacific R.R. Co.*, 396 F. App'x. 125, 128 (5th Cir. 2010) (Mere disagreement with the arbitrator's reading of the contract will not be enough to meet the onerous burden.)

### B. 9 U.S.C. § 10(a)(3)

Plaintiff claims that the arbitrator refused to hear and consider evidence that was pertinent and material to the controversy or otherwise engaged in misbehavior or misconduct with respect to the investigation report. Specifically, plaintiff alleges the arbitrator improperly: (1) prohibited plaintiff from conducting depositions or questioning any individual who assisted in preparation of the investigation report,[24] and (2) accepted information stated in the

---

[22]*Id.* at 10.
[23]*Id.* at 12.
[24]*Id.* at 13 n.41 ("Claimant was not permitted to take the deposition of anyone involved in preparing the report or to question any of those individuals involved in a hearing on the merits.").

investigation report as accurate and valid at the summary judgment hearing, even though the report had not been, or should not have been, admitted into evidence.[25]

The Fifth Circuit has ruled that an "evidentiary error" pursuant to § 10(a)(3) must be more than an error of law:

> The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he must give each of the parties to the dispute an adequate opportunity to present its evidence and argument. An evidentiary error must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.

*Householder*, 354 F. App'x at 851(quoting *Householder Group v. Caughran*, 576 F. Supp. 2d 796, 802 (E.D. Tex. 2008)) (internal citations omitted). Given this burden, plaintiff has not established that the arbitrator's actions deprived plaintiff of a fair hearing, even assuming plaintiff's allegations are true.

Plaintiff has not offered affidavits on behalf of the preparers of the report, whom he maintains he was not permitted to question or depose, that would demonstrate he was deprived of a fair hearing. *Householder*, 354 F. App'x at 851. Without affidavits or further comparable evidence, plaintiff has not demonstrated that the alleged prohibition on witness depositions and/or his inability to question witnesses deprived him of an impartial hearing.

Plaintiff also challenges the investigative report on the ground that it should not have been admitted into evidence.[26] Plaintiff argues that "[b]efore evidence is relied upon for the

---

[25]*Id.* ("Tribunal accepted the report as 'evidence' and relied upon the contents thereof for dismissing Claimant's IIED claims. This was not only a legal error but a factual error in that the Tribunal relied upon 'facts' not in evidence.").

[26]*Id.* ("[T]he Tribunal below relied upon information that was not placed into evidence in making its decision"). Although it is apparent the report was produced, it is unclear whether the report was physically admitted into evidence. *See* R. Doc. No. 24, at 10 n. 4 (Respondents allege that "it was Plaintiff's persistent request (and that of the Arbitrator's) that prompted Valero to waive

ultimate findings in a case, it should be subjected to customary evidentiary standards of scrutiny."[27] This argument fails as the Dialogue agreement vests the arbitrator with broad authority to determine "the relevance, materiality, and admissibility of evidence offered."[28] *See Weinberg v. Silber*, 57 F. App'x 211 (5th Cir. 2003) (in considering evidence, as long as the arbitrator does not exceed his authority provided for in the arbitration agreement, vacatur of the award is not appropriate). *Compare Textile Workers Union v. Am. Thread Co.*, 291 F.2d 894, 898 (4th Cir. 1961) (vacatur of an arbitration award is appropriate when the arbitrator considered evidence expressly prohibited in the arbitration agreement). Furthermore, the agreement allows the arbitrator to "subpoena witnesses or documents at the request of a Party, or on the arbitrator's own initiative."[29]

Even assuming admission of the report was a legal error, a finding the Court does not make, plaintiff has failed to establish how it deprived him of a fair hearing.[30] "To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398 (5th Cir. 2006) (internal quotation marks omitted) (quoting *El Dorado Sch. Dist. No. 15 v. Continental Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001)). Plaintiff does not dispute the accuracy of the information in the investigation report or its conclusions. Considering all evidence presented to the arbitrator in light of his award, plaintiff's unwarranted argument challenging the

---

its attorney-client privilege for purposes of this litigation and turn over the report under certain agreed upon conditions.").
[27]R. Doc. No. 20-1, at 13 n. 41.
[28]R. Doc. No. 24-8, at 49 ¶ 18.
[29]*Id.*
[30]*Tassin v. Ryan's Family Steakhouse, Inc.*, 509 F. Supp. 2d 585, 590 (M.D. La. 2007) (a reviewing court cannot analyze the credibility determinations of the arbitrator); *see Householder*, 354 F. App'x at 851.

award is not an adequate, independent ground for a vacatur. *Householder*, 354 F. App'x at 851; *see Moore v. Potter,* 275 F. App'x 405, 411 (5th Cir. 2008) (declining to vacate arbitration award based on circular arguments).

### C. 9 U.S.C. § 10(a)(4)

Plaintiff claims the arbitration award was not decided in accordance with the applicable law,[31] alleging the arbitrator erroneously granted defendant's summary judgment motion when he "ignored the doctors, the law and the facts."[32] However, 9 U.S.C. § 10(a) provides the *exclusive* means to vacate an arbitration award, as common law grounds are no longer sufficient. *See Citigroup Global Markets, Inc.,* 562 F.3d at 358 (interpreting *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576 (2008)).

Plaintiff cites *Reed v. Florida Metropolitan University Inc.* for the proposition that "an arbitrator's failure to decide a case in accordance with the applicable law may constitute grounds for vacating the award if that failure is made clearly to appear."[33] 681 F.3d 630, 637 (5th Cir. 2012) (quoting *Wilko v. Swan*, 346 U.S. 427 (1953)). *Reed*, however, is distinguishable as it addressed the question of whether an arbitrator exceeded the scope of his authority in violation of § 10(a)(4). Here, plaintiff challenges the arbitrator's application of Louisiana law to the substance of his claim. Furthermore, *Reed* has been abrogated. *Oxford Health Plans LLC v. Sutter*, No. 12-135, 2013 WL 2459522 (U.S. June 10, 2013). As the Supreme Court observed, "convincing a court of an arbitrator's error—even his grave error—is not enough. So long as the

---

[31]R. Doc. No. 20-1, at 12 ("[T]he Final Order issued by the Tribunal below, incorrectly focused on the single element of whether the conduct to which Claimant was exposed was extreme and outrageous. While that is an aspect of the requisite analysis, it is an incomplete analysis for this case. Valero's arguments, and this Tribunal's written findings, failed to take into consideration Claimant's supervisors' knowledge that Claimant is 'particularly susceptible' to emotional distress.").
[32]*Id.* at 14.
[33]*Id.* at 8.

arbitrator was arguably construing the contract [] a court may not correct his mistakes under § 10(a)(4)." *Id.* at *6 (internal quotation marks omitted) (citing *E. Associated Coal Corp. v. United Mine Workers*, 531 U.S. 57, 62 (2000)); *see also Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) ("An award may not be set aside for a mere mistake of fact or law.") (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)).

Accordingly, contrary to plaintiff's argument, manifest disregard of the law, without more, is not sufficient to vacate an arbitration award. Plaintiff's contention that the arbitrator did not decide the case in accordance with the applicable law lacks merit.

### III. CONCLUSION

A court must confirm an arbitration award unless one of the grounds of the FAA is satisfied. The Court has not found that the arbitrator exhibited evident partiality or otherwise deprived plaintiff of a fair trial. Moreover, the arbitrator's alleged manifest disregard of the law is not only unfounded, but also an improper basis for vacatur.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to vacate the arbitration award is **DENIED**.

New Orleans, Louisiana, June 19, 2013.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**